IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**BATTLE BORN INVESTMENTS COMPANY, LLC**
10170 W Tropicana Ave, Suite 156-290
Las Vegas, NV 89148,

                                    Plaintiff,

         vs.

**U.S. DEPARTMENT OF JUSTICE**
950 Pennsylvania Avenue, NW
Washington, D.C. 20530,

                                    Defendant.

**Civil Action No.** 24-cv-67

## COMPLAINT

Plaintiff Battle Born Investments Company, LLC ("Battle Born") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief against the Defendant, the United States Department of Justice ("DOJ" or the "Department").  Battle Born challenges DOJ's failure to make a timely decision concerning Battle Born's request for public records, as well as its failure to release all responsive and non-exempt records, relating to a civil forfeiture action captioned *United States v. Approximately 69,370 Bitcoin, et al.*, Case No. 3:20-cv-7811-RS (N.D. Cal.).  In support, Battle Born alleges the following:

### PARTIES

1.      Plaintiff Battle Born is a Nevada limited liability company with its principal place of business in Las Vegas, Nevada.

2.      Defendant DOJ is an agency of the U.S. government and is headquartered in Washington, D.C.  DOJ has possession, custody, and control of certain public records that Plaintiff

has sought to access under the Freedom of Information Act, 5 U.S.C. § 552.  The DOJ is responsible for fulfilling this request.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction to preside over this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

4.      This Court is the proper venue for this action under 28 U.S.C. § 1391(e).

## FACTS

### Request Under The Freedom Of Information Act

5.      The Freedom of Information Act "was enacted to facilitate public access to Government documents."  *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991).  FOIA implements "a general philosophy of full agency disclosure" of government records.  *U.S. Dep't of Just. v. Reps. Comm. for Freedom of the Press*, 489 U.S. 749, 754 (1989).  The statute accordingly specifies that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules ... shall make the records promptly available to any person."  5 U.S.C. § 552(a)(3)(A).

6.      An agency must disclose agency records, unless "the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in [5 U.S.C. § 552(b)]" or "disclosure is prohibited by law."  5 U.S.C. § 552(a)(8)(A)(i).  The exemptions are to be given a narrow compass "[c]onsistent with the Act's goal of broad disclosure."  *U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 151 (1989).

7.      On or about November 3, 2020, according to DOJ, "Individual X signed a Consent and Agreement to Forfeiture with the U.S. Attorney's Office, Northern District of California. In

that agreement, Individual X consented to the forfeiture of the [cryptocurrency wallet known as the "1HQ3 wallet"] to the United States government."

8.      The U.S. Attorney's Office for the Northern District of California, a DOJ component, issued a press release on November 5, 2020, asserting, "The seizure [of the 1HQ3 wallet] represents the largest seizure of cryptocurrency in the history of the Department of Justice."

9.      The cryptocurrency stored in the 1HQ3 wallet, including approximately 69,370 Bitcoin, is now worth approximately $3 billion.

10.     According to DOJ, on or before April 9, 2013, Individual X had participated in stealing the cryptocurrency subsequently held in the 1HQ3 wallet by "hack[ing] into" the victim's account, "gain[ing] unauthorized and illegal access to" it, and "mov[ing] it into wallets that Individual X controlled."

11.     According to DOJ, "requests for United States Attorney records should be sent to the DOJ Executive Office for U.S. Attorneys (EOUSA), which "processes records maintained by the United States Attorneys' Offices nationwide."

12.     On October 20, 2023, pursuant to rights granted by Congress under the Freedom of Information Act, Battle Born submitted to DOJ, through its EOUSA FOIA website, requests for copies of government records.

### Plaintiff's FOIA Requests Are Proper Under The Law

13.     Plaintiff's narrowly-tailored FOIA request asked DOJ to produce copies of documents showing:

> A. The name of the person who signed a Consent and Agreement to Forfeiture with the U.S. Attorney's Office, Northern District of California, on or about November 3, 2020, concerning a cryptocurrency wallet referred to as 1HQ3 in *United States v. Approximately 69,370 Bitcoin, et al.*, Case No. 3:20-cv-7811-RS (N.D. Cal.);

B.  The name of any person believed to have owned, possessed, or controlled that wallet; and

C.  The name of the person referred to as "Individual X" in that case.

14.     The materials requested are not subject to exemptions or exceptions from FOIA.

15.     The considerable public interest in the identity of the person who signed the Consent and Agreement to Forfeiture on or about November 3, 2020, in what DOJ publicly advertised as "the largest seizure of cryptocurrency in the history of the Department of Justice," outweighs any government interest in concealing the information.

16.     FOIA Exemption 7(F) provides, *inter alia,* that an agency may withhold materials "compiled for law enforcement purposes" if disclosure "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(f).

17.     The agreement signed on November 3, 2020, by which Individual X forfeited the 1HQ3 wallet now worth approximately $3 billion, was not a document "compiled for law enforcement purposes." *See FBI v. Abramson,* 456 U.S. 615 (1982).

18.     FIOA Exemption 7(F) requires the agency to establish a "nexus between disclosure and possible harm," so the exemption cannot extend beyond the period of actual danger. *See Albuquerque Pub. Co. v. U.S. Dep't of Just.*, 726 F. Supp. 851, 858 (D.D.C. 1989).

19.     The government alleged that more than a decade ago, Silk Road creator Ross Ulbricht "became aware of Individual X's online identity and threatened Individual X for the return of the cryptocurrency to Ulbricht," but Mr. Ulbricht poses no current or future threat to Individual X.  First, Mr. Ulbricht has forfeited his interest in the 1HQ3 wallet and no longer seeks or would benefit from its return.  Second, Individual X has forfeited his interest in the 1HQ3 wallet and no longer could return it.  Third, Mr. Ulbricht was arrested more than ten years ago, on October 13,

2013, and has been in custody since then. Fourth, Mr. Ulbricht is serving a life sentence in federal prison.

### DOJ Failed To Respond Adequately To Plaintiff's Request For Public Records

20.     DOJ has 20 business days from receipt of a FOIA request to notify a requestor of the government's determination. *See* 5 U.S.C. § 552(a)(6)(A)(i).  Under "unusual circumstances," the Department may extend its disclosure obligation by up to ten business days, provided "the agency provided a timely written notice to the requester."  5 U.S.C. § 552(a)(6)(B).

21.     More than 30 business days have passed since Battle Born submitted its FOIA request to DOJ through its EOUSA FOIA electronic request portal. Yet Battle Born has received no notice of the Department's determination with respect to the requested records nor notice of unusual circumstances excusing compliance for ten additional business days.  In any event, a ten-business day extension would have given the Department only 30 business days to comply with Battle Born's request.

22.     Plaintiff has exhausted available administrative remedies with respect to its FOIA request to DOJ.

### COUNT I

### Defendant Has Wrongfully Withheld Non-Exempt Public Records
### In Violation Of FOIA, 5 U.S.C. § 552.

Plaintiff incorporates and re-alleges Paragraphs 1–22.

23.     Plaintiff submitted to Defendant requests for public records that reasonably described the records sought and fully conformed to Defendant's published FOIA regulations.

24.     Defendant has withheld, and continues to withhold, non-exempt documents responsive to Plaintiff's FOIA requests.

25.     Accordingly, Defendant has unlawfully withheld, and continues to unlawfully withhold, public records in violation of 5 U.S.C. § 552.

26.     Defendant's conduct has caused irreparable harm by depriving Plaintiff of its right to public records under the law.  Defendant's conduct will continue to cause such harm until Defendant is compelled to obey the law.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A.     Order the Defendant to conduct an adequate search for all records responsive to Plaintiff's FOIA requests and demonstrate the use of search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests.

B.     Order the Defendant to produce, by a certain date, all non-exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption.

C.     Enjoin the Defendant from continuing to withhold all non-exempt records responsive to Plaintiff's FOIA requests.

D.     Award Plaintiff its cost and reasonable attorneys' fees in this action, according to 5 U.S.C. § 552(a)(4)(E).

E.     Award any other further relief that the Court deems equitable and just.


Dated:  January 8, 2024                    Respectfully submitted,

                                           */s/ Rod J. Rosenstein*
                                           Rod J. Rosenstein (D.C. Bar No. 432439)
                                           KING & SPALDING LLP
                                           1700 Pennsylvania Ave., NW
                                           Suite 900
                                           Washington, DC 20006
                                           Telephone: (202) 737-0500

                                           *Counsel for Battle Born Investments Company, LLC*