UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BATTLE BORN INVESTMENTS
COMPANY, LLC,

            Plaintiff,

    v.

UNITED STATES DEPARTMENT OF
JUSTICE,

            Defendant.

Civil Action No. 24-0067 (BAH)

## ANSWER[1]

The United States Department of Justice ("Defendant" or "Department"), through undersigned counsel, hereby answers Battle Born Investments Company LLC's ("Plaintiff's") complaint under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant expressly denies all allegations in the Complaint, including the relief sought, that are not specifically admitted or otherwise qualified in this Answer. Defendant responds to the Complaint in like numbered paragraphs as follows:

---

[1]     For ease of reference, Defendant's Answer replicates the headings contained in the Complaint, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

The unnumbered introductory paragraph to the Complaint consists of Plaintiff's characterization of this lawsuit to which no response is required. To the extent a response is deemed required, Defendant denies Plaintiff's allegations.

## PARTIES

1.    Defendant lacks information or belief sufficient to admit or deny the information in this paragraph relating to Plaintiff.

2.    Defendant admits that the Department is an agency of the U.S. Government. The remainder of this paragraph is a legal conclusion to which no response is required.

## JURISDICTION AND VENUE

3.    This paragraph consists of Plaintiff's legal conclusions regarding jurisdiction to which no response is required. To the extent a response is required, Defendant admits that this Court has subject-matter jurisdiction subject to the terms, conditions, and limitations of FOIA.

4.    This paragraph consists of Plaintiff's legal conclusions regarding venue to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this judicial district.

## FACTS

5.    This paragraph contains legal conclusions regarding the FOIA statute, to which no response is required.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

6.    This paragraph contains legal conclusions regarding the FOIA statute, to which no response is required.  To the extent the allegations in this paragraph are alleged for other purposes,

they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

7.     Defendant lacks information or belief sufficient to admit or deny the information in this paragraph.

8.     Defendant admits that the U.S. Attorney's Office for the Northern District of California issued a press release on November 5, 2020.  Defendant respectfully refers the Court to the press release for the most accurate characterization of its contents.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

9.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

10.    Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

11.    Defendant admits the allegations in this paragraph.

12.    Defendant admits that Plaintiff submitted a FOIA request on October 20, 2023.

**Plaintiff's FOIA Request**

13.    Paragraph 13 contains Plaintiff's characterizations of its FOIA request, to which no response is required. To the extent a response is deemed required, Defendant denies any characterization that is inconsistent with the plain language of the request.

14.    Paragraph 14 contains Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

15.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records

sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

16.    Paragraph 16 contains a reiteration of FOIA Exemption 7(F), to which no response is required.

17.    Paragraph 17 contains Plaintiff's legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

18.    Paragraph 18 contains Plaintiff's legal conclusions regarding FOIA Exemption 7(F), to which no response is required.

19.    Defendant lacks sufficient information or believe as to the allegations in this paragraph.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

20.    Paragraph 20 contains Plaintiff's legal conclusions to which no response is required.

21.    Defendant admits that EOUSA has not provided a final response to Plaintiff's FOIA request.

22.    Paragraph 22 contains a legal conclusion to which no response is required.

## COUNT I

Defendant incorporates and re-alleges its response to paragraphs 1-22.

23.    Paragraph 23 contains Plaintiff's legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

24.     Paragraph 24 contains Plaintiff's legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

25.     Paragraph 25 contains Plaintiff's legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

26.     Paragraph 23 contains Plaintiff's legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## PRAYER FOR RELIEF

The remaining unnumbered paragraphs of the Complaint contain Plaintiff's requested relief, to which no response is required. To the extent a response is necessary, Defendant denies the allegations contained in the prayer for relief and further avers that Plaintiff is not entitled to the requested relief or any relief whatsoever.

## DEFENSES

1.      Plaintiff is not entitled to compel the production of any records exempt from disclosure by one or more exemptions to FOIA.

2.      This Court lacks subject matter jurisdiction over Plaintiffs' request to the extent that any requested relief exceeds the relief authorized by FOIA.

3.      Plaintiffs are neither eligible for nor entitled to attorney's fees or costs.

4.      In responding to Plaintiffs' FOIA requests, Defendants are exercising due diligence considering the existence of exceptional circumstances. *See* 5 U.S.C. § 552(a)(6)(C).

5.      Plaintiff's Complaint fails to state a claim upon which relief can be granted because the requests are not reasonably described.

6.      To the extent the Complaint alleges background facts unnecessary to the consideration of Defendants' response to the FOIA request at issue, the Complaint violates Rule

8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.

The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).


Date:  March 5, 2024
       Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:      /s/ Sam Escher
        SAM ESCHER, D.C. Bar # 1655538
        Assistant United States Attorney
        601 D Street, N.W.
        Washington, D.C. 20530
        (202) 252-2531
        Sam.Escher@usdoj.gov

        *Counsel for United States of America*