UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BATTLE BORN INVESTMENTS
COMPANY, LLC,

        Plaintiff,

    v.

UNITED STATES DEPARTMENT OF
JUSTICE,

        Defendant.

Civil Action No. 24-0067 (BAH)

**DEFENDANT'S MOTION FOR EXTENSION OF TIME
TO FILE MOTION FOR SUMMARY JUDGMENT**

The United States Department of Justice ("Defendant" or "Department"), parent agency of the Executive Office for United States Attorneys ("EOUSA"), through undersigned counsel, respectfully moves for a two-week extension to file its motion for summary judgment. Currently, Defendant's deadline to move for summary judgment is Friday, June 7, 2024. Defendant seeks a new proposed deadline of Friday, June 21, 2024. Defendant's counsel and Plaintiff's counsel have conferred, and Plaintiff opposes this motion.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "District courts enjoy broad discretion when deciding case management and scheduling matters." *McGehee v. Dep't of Just.*, 362 F. Supp. 3d 14, 18 (D.D.C. 2019).

This action was filed under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. *See* Complaint, ECF No. 1. Plaintiff

has requested copies of records and documents showing: (1) the name of the person who signed a Consent and Agreement to Forfeiture with the U.S. Attorney's Office, Northern District of California, on or about November 3, 2020, concerning a cryptocurrency wallet referred to as 1HQ3 in *United States v. Approximately 69,370 Bitcoin, et al.,* Case No. 3:20-cv-7811-RS (N.D. Cal.); (2) the name of any person believed to have owned, possessed, or controlled that wallet; and (3) the name of the person referred to as "Individual X" in that case. The parties have conferred and agree that at issue is one document, the November 3, 2020, Consent and Agreement to Forfeiture referenced above. Defendant is currently withholding that document under various exemptions.

 "In a FOIA case, the burden of proof is always on the agency to demonstrate that it has fully discharged its obligations under the FOIA." *McKinley v. FDIC*, 756 F. Supp. 2d 105, 111, (D.D.C. 2010). And "to enable the Court to determine whether documents properly were withheld, the agency must provide a detailed description of the information through a so-called '*Vaughn index*,' sufficiently detailed affidavits or declarations, or both." *Id* at 113. Accordingly, to sustain the Agency's burden of proof, a declaration is required.

Defendant requests this extension for the Agency to complete and finalize the required declaration, which includes time for the U.S. Attorney's Office to review it. A declaration is necessary because the information at issue here falls squarely under numerous FOIA exemptions. Undersigned is communicating with the Agency about the importance of meeting the Court's deadline and expects to be able to move for summary judgment after a two-week extension.

For the reasons stated above, Defendant moves for a two-week extension to file its summary judgment motion by Friday, June 21, 2024.

Date:   June 4, 2024
       Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:      */s/ Sam Escher*
      SAM ESCHER, D.C. Bar # 1655538
      Assistant United States Attorney
      601 D Street, N.W.
      Washington, D.C. 20530
      (202) 252-2531
      Sam.Escher@usdoj.gov

*Attorneys for the United States of America*