UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BATTLE BORN INVESTMENTS
COMPANY, LLC,

            Plaintiff,

    v.

UNITED STATES DEPARTMENT OF
JUSTICE,

            Defendant.

Civil Action No. 24-cv-0067 (BAH)

**<u>PLAINTIFF'S OPPOSITION TO DEFENDANT'S EXTENSION REQUEST</u>**

Battle Born Investments Company, LLC ("Battle Born") respectfully opposes the two-week extension requested by Defendant the United States Department of Justice ("Government"). *See* ECF No. 13.  The Government has repeatedly delayed this case and has not shown the requisite "good cause" for amending the June 7 deadline mandated by this Court's April 16 Scheduling Order.  The Court should put an end to the Government's delays and deny its request.

This is a FOIA action in which the sole question is whether the Government will disclose a *single* document, identified by the parties months ago, that consents to the forfeiture of a single asset currently subject to a related civil forfeiture proceeding.  Despite the utter simplicity of this case, the Government has repeatedly dragged out the proceedings.  By April 15, when the parties submitted their Joint Status Report, the Government "ha[d] already unduly delayed this simple FOIA request for 180 days."  ECF No. 12 at 2.  The Court at that time denied the Government's request to delay the filing of its summary judgment brief until June 27.  *See* Apr. 15, 2024 Scheduling Order.  Now the Government once again seeks to delay the filing of that brief until June 21—despite being generously granted nearly two months to file its motion.

The Court should deny the Government's latest attempt at delay.  Under Rule 16, this Court's June 7 deadline may be amended "only for good cause," Fed. R. Civ. P. 16(b)(4), meaning that the Government must "show that the deadlines cannot reasonably be met despite its diligence," *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 226 (D.C. Cir. 2011) (cleaned up).  The Government's reason—that it doesn't have a declaration—plainly fails to satisfy that burden.  It has known for *months* that it would need a declaration:  The  FOIA request was made last October; this case was filed in January; the Government has known of its reasons for withholding the sole document at issue since at least March 5, when it filed its Answer; the Government itself proposed submitting a declaration back in early April; and since at least April 16, when the Court issued its Scheduling Order, the Government has known that it would need a declaration by June 7.

The Government's "actions in this case do not bespeak diligence or any sense of urgency at all in preparing its [declaration]."  *Capitol Sprinkler*, 630 F.3d at 226 (affirming denial of extension for lack of "good cause").  It should not take months for a diligent party to prepare a single and straightforward declaration—and, tellingly, the Government does not contend that it was diligent and does not explain why two months was insufficient.  This Court therefore should not "excuse the delays" in the Government's case; the Court should instead deny the Government's request for an extension.  *United States v. Eisenberg*, 149 F. Supp. 3d 71, 86 (D.D.C. 2015) (Howell, J.) (finding "[d]elay alone would warrant denial of [party's]" tardy submissions where party "plainly" was aware of relevant information months before submission was filed).

The Department of Justice has previously admitted that the public wants to know, "Where did the money go?"  U.S. Attorney's Office, N.D. of Cal., "United States Files a Civil Action to Forfeit Cryptocurrency Valued at Over One Billion U.S. Dollars," Nov. 5, 2020 ("This seizure represents the largest seizure of cryptocurrency in the history of the United States…. Where did the money go?"),

http://www.justice.gov/usao-ndca/pr/united-states-files-civil-action-forfeit-cryptocurrency-valued-over-one-billion-us.  The Government has delayed answering that simple question long enough.[1]  Its request for yet another extension should be denied.

Date:   June 4, 2024                                  Respectfully submitted,

                                                     */s/ Rod J. Rosenstein*
                                                     Rod J. Rosenstein (D.C. Bar No. 432439)
                                                     KING & SPALDING LLP
                                                     1700 Pennsylvania Ave., NW
                                                     Suite 900
                                                     Washington, DC 20006
                                                     Telephone: (202) 737-0500
                                                     rrosenstein@kslaw.com

                                                     *Counsel for Battle Born Investments Company,
                                                     LLC*

---

[1] In addition to repeatedly delaying the proceedings in this case, the Government has sought in the related civil forfeiture proceeding to prevent Battle Born from contesting the Government's entitlement to a Bitcoin wallet now worth nearly $5 billion. *See* Pet. 7–10, *Battle Born Invs. Co., LLC v. United States*, No. 23-1164 (U.S. filed Apr. 25, 2024), *available at* https://www.supremecourt.gov/DocketPDF/23/23-1164/308371/20240425142311406_FINAL%202024-04-25%20Battle%20Born%20Petition%20PDFA.pdf.