

**U.S. Department of Justice**

Executive Office for United States Attorneys

---

Freedom of Information and Privacy Staff    Suite 5.400, 3CON Building    (202) 252-6020
175 N Street, NE
Washington, DC 20530

June 06, 2024

SENT VIA EMAIL

Rod Rosenstein
King & Spalding LLP
1700 Pennsylvania Ave NW
Washington, DC  20006
rrosenstein@kslaw.com

    Re: Request Number:  LITG-2024-000007/*Battle Born Investments v DOJ*, 24cv67 (D.D.C.)
    Subject of Request:   Documents that Reveal the Identity of "Individual X"
                                   *USA v. Approx. 69,370 Bitcoin*, et al., 3:20-cv-7811-RS (N.D. Cal.)

Dear Rod Rosenstein:

    Your request for records under the Freedom of Information Act/Privacy Act has been processed.  This letter constitutes a supplemental response from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Office.

    To provide you with the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes. The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act.  28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. Please be advised that we have considered the foreseeable harm standard when reviewing records and applying FOIA exemptions.

    Enclosed please find:

0 page(s) are being released in full (RIF);
2 page(s) are being released in part (RIP);
0 page(s) are withheld in full (WIF).  The redacted/withheld documents were reviewed to determine if any information could be segregated for release.

      The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

5 U.S.C. § 552(b)(6)
5 U.S.C. § 552(b)(7)(C)
5 U.S.C. § 552(b)(7)(F)

      EOUSA reserves the right to later assert any additional FOIA exemptions that may be applicable to the requested records.

      Because this matter is in litigation, we are foregoing our standard appeals paragraphs. Should you have any questions, please contact AUSA Sam Escher.

Sincerely,

Kevin Krebs
Assistant Director

Enclosure(s)

## EXPLANATION OF EXEMPTIONS

**FOIA: TITLE 5, UNITED STATES CODE, SECTION 552**

| | |
|---|---|
| (b)(1) | (A) specifically authorized under criteria established by and Executive order to be kept secret in the in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order; |
| (b)(2) | related solely to the internal personnel rules and practices of an agency; |
| (b)(3) | specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld; |
| (b)(4) | trade secrets and commercial or financial information obtained from a person and privileged or confidential; |
| (b)(5) | inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency; |
| (b)(6) | personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy; |
| (b)(7) | records or information compiled for law enforcement purposes, but only the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual. |
| (b)(8) | contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or |
| (b)(9) | geological and geophysical information and data, including maps, concerning wells. |

**PRIVACY ACT: TITLE 5, UNITED STATES CODE, SECTION 552a**

| | |
|---|---|
| (d)(5) | information complied in reasonable anticipation of a civil action proceeding; |
| (j)(2) | material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals; |
| (k)(1) | information which is currently and properly classified pursuant to Executive Order 12356 in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods; |
| (k)(2) | investigatory material complied for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence; |
| (k)(3) | material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056; |
| (k)(4) | required by statute to be maintained and used solely as statistical records; |
| (k)(5) | investigatory material compiled solely for the purpose of determining suitability eligibility, or qualification for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his identity would be held in confidence; |
| (k)(6) | testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process; |
| (k)(7) | material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his identity would be held in confidence. |