Exhibit 1

**Battle Born Investments Company, LLC**

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND
PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT
AND MEMORANDUM IN SUPPORT THEREOF**

```
 1  DAVID L. ANDERSON (CABN 149604)
    United States Attorney
 2
    HALLIE HOFFMAN (CABN 210020)
 3  Chief, Criminal Division

 4  DAVID COUNTRYMAN (CABN 226995)
    CHRIS KALTSAS (NYBN 5460902)
 5  CLAUDIA QUIROZ (CABN 254419)
    WILLIAM FRENTZEN (LABN 24421)
 6  Assistant United States Attorneys

 7      450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
 8      Telephone: (415) 436-7303
        FAX: (415) 436-7234
 9      david.countryman@usdoj.gov

10  Attorneys for United States of America
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 20-CV-07811-RS |
| Plaintiff, | SETTLEMENT AGREEMENT AND STIPULATED FORFEITURE |
| v. | |
| Approximately 69,370 Bitcoin (BTC), Bitcoin Gold (BTG), Bitcoin SV (BSV), and Bitcoin Cash (BCH) seized from 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx; | |
| Defendant. | |

IT IS HEREBY STIPULATED by and between plaintiff United States of America and potential claimant Ross William Ulbricht ("Ulbricht", collectively the "parties"), through their respective counsel of record, to compromise and settle their interests in the following described property (the "Subject Property"):

  a. Approximately 69,370 Bitcoin (BTC), Bitcoin Gold (BTG), Bitcoin SV (BSV), and Bitcoin Cash (BCH) seized from 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbhx.

STIPULATION TO FORFEITURE

1. On or about November 20, 2020, plaintiff filed its amended complaint seeking forfeiture of the subject property. Docket No. 8.

2. On June 3, 2015, the United States District Court for the Southern District of New York entered a Preliminary Order of Forfeiture/ Money Judgment against Ulbricht in United States v. Ulbricht, Sl 14 Cr. 68 (KBF) (the "Money Judgment").

3. The parties agree that the resolution of this potential claim is based solely on the terms stated in this Settlement Agreement. It is expressly understood that this Agreement has been freely and voluntarily entered into by the parties. The parties further agree that there are no express or implied terms or conditions of settlement, whether oral or written, other than those set forth in this Agreement. This Agreement shall not be modified or supplemented except in writing signed by the parties. The parties have entered into this Settlement Agreement in lieu of continued protracted litigation and District Court adjudication.

4. Ulbricht hereby agrees that the Subject Property is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), 981(b), and 21 U.S.C. § 881(a)(6). Ulbricht withdraws any claim and stipulates to the forfeiture of the Subject Property to the United States (administrative or judicial, civil or criminal) without further notice to him. Ulbricht further relinquishes all right, title and interest in the Subject Property and agrees that said property shall be forfeited to the United States and disposed of according to law by the United States. Ulbricht agrees not to assist any other individual or entity in any effort to contest this forfeiture. Ulbricht further waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment, and including any statute of limitations.

5. The parties agree that the net proceeds realized from the sale of the Subject Property forfeited pursuant to this agreement shall be credited toward any unpaid balance of the Money Judgment.

6. Ulbricht, his heirs, representatives and assignees, agree to hold harmless the United States, any and all agents, officers, representatives and employees of same, including all federal, state and local enforcement officers, for any and all claims, defenses, actions, or liabilities arising out of or related to

this action against the Subject Property.

7. The parties agree that each party shall pay its own attorneys' fees and costs.

IT IS SO STIPULATED:

Dated: 1/22/2021

_____
ROSS WILIAM ULBRICHT
Potential Claimant

DATED: 1/28/2021

_____
DAVID A. WARRINGTON, ESQ.
Attorney for Potential Claimant

DATED: 2/3/21

/S David Countryman
_____
DAVID COUNTRYMAN
Assistant United States Attorney

STIPULATION TO FORFEITURE