IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BATTLE BORN INVESTMENTS COMPANY, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF JUSTICE,** <br><br> Defendant. | Civil Action No. 24-cv-0067 (BAH) |

**PLAINTIFF'S COUNTER-STATEMENT AND PLAINTIFF'S STATEMENT OF MATERIAL UNDISPUTED FACTS IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 7(h) of the United States District Court for the District of Columbia, Plaintiff Battle Born Investments Company, LLC, by and through its undersigned counsel, respectfully submits in support of Plaintiff's opposition to Defendant's Motion for Summary Judgment, and Plaintiff's Cross-Motion for Summary Judgment, the following Counter-Statement of Material Undisputed Facts and Plaintiff's Statement of Material Undisputed Facts.

**I.    COUNTER-STATEMENT OF MATERIAL UNDISPUTED FACTS**

1. Undisputed.

2. Undisputed.

3. Undisputed.

4. Undisputed.

5. Undisputed.

6. Disputed. Defendant's brief seeks to justify withholding under Exemptions 7(C) and 7(F) and does not argue that withholding is justified under Exemption 6. *See* ECF 15.

7. Undisputed.

8. Disputed. "This is not a factual assertion," as Rule 7(h) requires, but instead an improper "legal conclusion as to one of the main issues underlying Defendant's Motion for Summary Judgment." *Dean v. Am. Fed. of Gov't Emps.*, 509 F. Supp. 2d 39, 45 n.3 (D.D.C. 2007). Even assuming this were a fact, it "fails to comply with Local Rule 7(h) because it contains no citations to the record." *Gray v. LaHood*, 917 F. Supp. 2d 120, 123 n.1 (D.D.C. 2013); *see* Local Civ. R. 7(h)(1) (requiring that statement "shall include references to the parts of the record relied on to support the statement").

II. **PLAINTIFF'S STATEMENT OF MATERIAL UNDISPUTED FACTS**

1. Individual X has not received any threats other than a single unspecified threat from Ross Ulbricht more than one decade ago. ECF 15-2, ¶ 28; Verified Amended Compl. for Forfeiture, ¶ 22, *United States v. Approximately 69,370 Bitcoin (BTC)* ("Forfeiture Compl."), No. 3:20-cv-07811-RS (N.D. Cal. Nov. 20, 2020), ECF 8.

2. Ulbricht threatened Individual X in an effort to persuade him to return Bitcoin to Ulbricht that Individual X allegedly stole from Ulbricht. Forfeiture Compl., ¶ 22.

3. Ulbricht has no motive to threaten Individual X today, as Ulbricht is serving double life sentences without possibility of parole and has forfeited any claim to Individual X's Bitcoin. *See United States v. Ulbricht*, No. 1:14-cr-00068-LGS (S.D.N.Y. June 1, 2015), ECF 269; Settlement Agreement and Stipulated Forfeiture, *Approximately 69,370 Bitcoin* (N.D. Cal. Feb. 3, 2021), ECF 47.

4.      Individual X is not accused of stealing Bitcoin from any other Silk Road user and does not reasonably face any threat from other Silk Road users. *See* Decl. of Jeremiah Haynie, ¶ 7, *Approximately 69,370 Bitcoin* (N.D. Cal. Aug. 24, 2021), ECF 99-2 (Individual X's Bitcoin "came from the general pool of Silk Road bitcoin and not from any particular Silk Road user accounts").

5.      There is no evidence that Ulbricht or anyone else retaliated against James Zhong after he forfeited Bitcoin stolen from Silk Road. *See* U.S. Dep't of Justice, *U.S. Attorney Announces Historic $3.36 Billion Cryptocurrency Seizure and Conviction in Connection with Silk Road Dark Web Fraud* (Nov. 7, 2022), https://www.justice.gov/usao-sdny/pr/us-attorney-announces-historic-336-billion-cryptocurrency-seizure-and-conviction.

6.      There is no evidence that Ulbricht or anyone else retaliated against Carl Force IV or Shaun Bridges after they forfeited Bitcoin stolen from Silk Road. U.S. Dep't of Justice, *Former DEA Agent Sentenced for Extortion, Money Laundering and Obstruction Related to Silk Road Investigation*, (Oct. 19, 2015), https://www.justice.gov/opa/pr/former-dea-agent-sentenced-extortion-money-laundering-and-obstruction-related-silk-road; *United States v. Ulbricht*, 858 F.3d 71, 84 (2d Cir. 2017)

7.      There is a significant public interest in knowing who consented to forfeiture of more than 69,000 Bitcoin. *See* U.S. Dep't of Justice, *United States Files A Civil Action To Forfeit Cryptocurrency Valued At Over One Billion U.S. Dollars*, (Nov. 5, 2020), www.justice.gov/usao-ndca/pr/united-states-files-civil-action-forfeit-cryptocurrency-valued-over-one-billion-us (acknowledging public interest in the question, "Where did the money go?").

8.      There is a significant public interest in knowing why the person who forfeited more than 69,000 Bitcoin to the Government was not prosecuted. *See id.*; ECF 15-7 (forfeiture

3

agreement "constitutes the entire agreement of the parties" yet provides no consideration for Individual X's forfeiture).

9. Individual X's forfeiture is linked to the prosecutions of two corrupt federal agents for taking Bitcoin from Silk Road. Notice, *United States v. Force IV*, No. 3:15-r-00319-RS (N.D. Cal. Nov. 16, 2020), ECF 182; *see* Related Case Order, *id.* (N.D. Cal. Nov. 16, 2020), ECF 183.

10. There is a significant public interest in knowing whether Individual X is a federal agent and why the Department of Justice agreed not to prosecute him.

**WHEREFORE**, Plaintiff prays for an Order granting all relief sought in Plaintiffs' Notice of Cross Motion, and for such other and further relief as this Court deems just and proper.

Dated: July 12, 2024                    Respectfully submitted,


*/s/ Rod J. Rosenstein*
Rod J. Rosenstein (D.C. Bar No. 432439)
1700 Pennsylvania Avenue NW
Suite 900
Washington, DC 20006
Telephone: (202) 737-0500
Facsimile:  (202) 626-3737
rrosenstein@kslaw.com

*Counsel for Battle Born Investments Company, LLC*