UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BATTLE BORN INVESTMENTS COMPANY, LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>      Defendant. | Civil Action No. 24-0067 (BAH) |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS WITH PLAINTIFF'S RESPONSES**
**AND**
**PLAINTIFF'S STATEMENT OF MATERIAL FACTS WITH DEFENDANT'S RESPONSES**

The United States Department of Justice ("Defendant"), parent agency of the Executive Office for United States Attorneys ("EOUSA"), through undersigned counsel, respectfully submits this statement of material facts in support of its motion for summary judgment with Plaintiff's responses, and Plaintiff's statement of material facts in support of its motion for summary judgment with Defendant's responses.

**I.**    **Defendant's Statement of Material Facts with Plaintiff's Responses**

    1.    On October 19, 2023, Plaintiff submitted the following FOIA request:

On behalf of Battle Born Investments Company, LLC, I hereby request under the Freedom of Information Act copies of records and documents showing (1) the name of the person who signed a Consent and Agreement to Forfeiture with the U.S. Attorney's Office, Northern District of California, on or about November 3, 2020, concerning a cryptocurrency wallet referred to as 1HQ3 in *United States v. Approximately 69,370 Bitcoin, et al.*, Case No. 3:20-cv-7811-RS (N.D. Cal.); (2) the name of any person believed to have owned, possessed, or controlled that wallet; and (3) the name of the person referred to as "Individual X" in that case.

FOIA Req., ECF No. 15-3; *see also* Compl. ¶ 13, ECF No. 1.

    **Plaintiff's Response:** Undisputed.

2. EOUSA assigned request tracking number EOUSA-2024-000128 to the request.

**Plaintiff's Response:** Undisputed.

3. At issue is one document: the November 3, 2020, Consent and Agreement to Forfeiture with the U.S. Attorney's Office, Northern District of California, referenced in the FOIA request. *See* Joint Status Report (Apr. 15, 2024), ECF No. 12 ("The parties have conferred and agree that at issue is one document: the November 3, 2020, Consent and Agreement to Forfeiture[.]"); Pl.'s Opp'n Def.'s Mot. Extension Time (June 4, 2024); ECF No. 14 ("This is a FOIA action in which the sole question is whether the Government will disclose a *single* document[.]" (emphasis in original)).

**Plaintiff's Response:** Undisputed.

4. On March 20, 2024, EOUSA issued a response denying the request in full, citing Exemptions 3, 6, 7(A), and 7(C). *See* ECF No. 15-5.

**Plaintiff's Response:** Undisputed.

5. Defendant is no longer withholding the document in full and is no longer relying on Exemptions 3 and 7(A).

**Plaintiff's Response:** Undisputed.

6. Defendant is withholding parts of the document under Exemptions 6, 7(C), and 7(F). *See* ECF No. 15-6.

**Plaintiff's Response:** Disputed. Defendant's brief seeks to justify withholding under Exemptions 7(C) and 7(F) and does not argue that withholding is justified under Exemption 6. *See* ECF 15.

7. Defendant issued a final response on June 6, 2024. *See* ECF No. 15-6.

**Plaintiff's Response:** Undisputed.

8.       Defendant applied its withholdings correctly.

**Plaintiff's Response:** Disputed. "This is not a factual assertion," as Rule 7(h) requires, but instead an improper "legal conclusion as to one of the main issues underlying Defendant's Motion for Summary Judgment." *Dean v. Am. Fed. of Gov't Emps.*, 509 F. Supp. 2d 39, 45 n.3 (D.D.C. 2007). Even assuming this were a fact, it "fails to comply with Local Rule 7(h) because it contains no citations to the record." *Gray v. LaHood*, 917 F. Supp. 2d 120, 123 n.1 (D.D.C. 2013); *see* Local Civ. R. 7(h)(1) (requiring that statement "shall include references to the parts of the record relied on to support the statement").

## II.    Plaintiff's Statement of Material Facts with Defendant's Responses

1.       Individual X has not received any threats other than a single unspecified threat from Ross Ulbricht more than one decade ago. ECF 15-2, ¶ 28; Verified Amended Compl. for Forfeiture, ¶ 22, *United States v. Approximately 69,370 Bitcoin (BTC)* ("Forfeiture Compl."), No. 3:20-cv-07811-RS (N.D. Cal. Nov. 20, 2020), ECF 8.

**Defendant's Response:** Disputed. The material cited does not support the proposition stated, as Plaintiff does not know the identity of Individual X.

2.       Ulbricht threatened Individual X in an effort to persuade him to return Bitcoin to Ulbricht that Individual X allegedly stole from Ulbricht. Forfeiture Compl., ¶ 22.

**Defendant's Response:** Undisputed.

3.       Ulbricht has no motive to threaten Individual X today, as Ulbricht is serving double life sentences without possibility of parole and has forfeited any claim to Individual X's Bitcoin. *See United States v. Ulbricht*, No. 1:14-cr-00068-LGS (S.D.N.Y. June 1, 2015), ECF 269; Settlement Agreement and Stipulated Forfeiture, *Approximately 69,370 Bitcoin* (N.D. Cal. Feb. 3, 2021), ECF 47.

**Defendant's Response:** Disputed. The material cited does not support the proposition stated, as Plaintiff does not have personal knowledge of Ulbricht's motives. Ulbricht may have several motives, as explained in Defendant's brief.

4. Individual X is not accused of stealing Bitcoin from any other Silk Road user and does not reasonably face any threat from other Silk Road users. *See* Decl. of Jeremiah Haynie, ¶ 7, *Approximately 69,370 Bitcoin* (N.D. Cal. Aug. 24, 2021), ECF 99-2 (Individual X's Bitcoin "came from the general pool of Silk Road bitcoin and not from any particular Silk Road user accounts").

**Defendant's Response:** Disputed. The material cited does not support the proposition stated, as Plaintiff does not know the identity of Individual X or the motives of other Silk Road users.

5. There is no evidence that Ulbricht or anyone else retaliated against James Zhong after he forfeited Bitcoin stolen from Silk Road. *See* U.S. Dep't of Justice, *U.S. Attorney Announces Historic $3.36 Billion Cryptocurrency Seizure and Conviction in Connection with Silk Road Dark Web Fraud* (Nov. 7, 2022), https://www.justice.gov/usao-sdny/pr/us-attorneyannounces-historic-336-billion-cryptocurrency-seizure-and-conviction.

**Defendant's Response:** Defendant objects that this assertion is irrelevant. At issue in this litigation is Individual X, whose identity is unknown to Plaintiff, and therefore any comparison to James Zhong is irrelevant.

6. There is no evidence that Ulbricht or anyone else retaliated against Carl Force IV or Shaun Bridges after they forfeited Bitcoin stolen from Silk Road. U.S. Dep't of Justice, *Former DEA Agent Sentenced for Extortion, Money Laundering and Obstruction Related to Silk Road Investigation*, (Oct. 19, 2015), https://www.justice.gov/opa/pr/former-dea-agent-

sentencedextortion-money-laundering-and-obstruction-related-silk-road; *United States v. Ulbricht*, 858 F.3d 71, 84 (2d Cir. 2017)

**Defendant's Response:** Defendant objects that this assertion is irrelevant. At issue in this litigation is Individual X, whose identity is unknown to Plaintiff, and therefore any comparison to Carl Force IV or Shaun Bridges is irrelevant.

7. There is a significant public interest in knowing who consented to forfeiture of more than 69,000 Bitcoin. *See* U.S. Dep't of Justice, *United States Files A Civil Action To Forfeit Cryptocurrency Valued At Over One Billion U.S. Dollars*, (Nov. 5, 2020), www.justice.gov/usaondca/pr/united-states-files-civil-action-forfeit-cryptocurrency-valued-over-one-billion-us (acknowledging public interest in the question, "Where did the money go?").

**Defendant's Response:** Defendant objects that this is not a factual statement but an opinion and legal conclusion. Defendant does not dispute that it published the article cited but whether there is "a significant public interest in knowing who consented to forfeiture of more than 69,000 Bitcoin" is for the Court to decide.

8. There is a significant public interest in knowing why the person who forfeited more than 69,000 Bitcoin to the Government was not prosecuted. *See id.*; ECF 15-7 (forfeiture agreement "constitutes the entire agreement of the parties" yet provides no consideration for Individual X's forfeiture).

**Defendant's Response:** Defendant objects that this is not a factual statement but an opinion and legal conclusion. Whether there is "a significant public interest in knowing why the person who forfeited more than 69,000 Bitcoin to the Government was not prosecuted" is for the Court to decide.

9. Individual X's forfeiture is linked to the prosecutions of two corrupt federal agents for taking Bitcoin from Silk Road. Notice, *United States v. Force IV*, No. 3:15-r-00319-RS (N.D. Cal. Nov. 16, 2020), ECF 182; *see* Related Case Order, *id.* (N.D. Cal. Nov. 16, 2020), ECF 183.

**Defendant's Response:** Defendant does not dispute that U.S. District Judge Richard Seeborg in the North District of California found that the two cases were related under Local Criminal Rule 8-1(b), and under Local Criminal Rule 8-1(e), ordered the Clerk of Court to reassign the later-filed action to himself.

10. There is a significant public interest in knowing whether Individual X is a federal agent and why the Department of Justice agreed not to prosecute him.

**Defendant's Response:** Defendant objects that this is not a factual statement but an opinion and legal conclusion. Whether there is "a significant public interest in knowing whether Individual X is a federal agent and why the Department of Justice agreed not to prosecute him" is for the Court to decide.

Date: July 25, 2024
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:      */s/ Sam Escher*
SAM ESCHER, D.C. Bar # 1655538
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2531
Sam.Escher@usdoj.gov

*Attorneys for the United States of America*